IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GABRIEL I. PITTMAN, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| | : | No. 02-2825 |
| KENNETH D. KYLER, et al., | : | |
| Respondents. | : | |

MEMORANDUM

**Baylson, J.**                                                                                        November   , 2003

Presently before this Court is a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Gabriel I. Pittman (herein "Petitioner"). On June 26, 2003, United States Magistrate Judge Carol Sandra Moore Wells issued a Report and Recommendation ("R&R") stating that the petition be denied and dismissed without an evidentiary hearing. On August 6, 2003, Petitioner timely filed Objections to the Magistrate Judge's R&R ("Objections"). The District Attorney of Lehigh County answered the Objections. For the reasons that follow, Petitioner's objections will be overruled, the Magistrate Judge's R&R will be approved and adopted, and the petition will be denied.

**I. Relevant Background and Procedural History**

On July 6, 1998, before Judge Lawrence J. Brenner, in the Lehigh County Court of Common Pleas, Petitioner pled guilty to third degree murder, recklessly endangering another person and carrying a firearm without a license. He also entered a *nolo contendere* plea to the additional charge of aggravated assault. All of these charges are a result of Petitioner's involvement in the fatal shooting of Rodney Robinson. Petitioner received an aggregate sentence

1

of twenty-six to fifty-nine years imprisonment.

Petitioner filed the present Petition for Writ of Habeas Corpus on June 5, 2002. The Magistrate Judge issued her Report and Recommendation on June 26, 2003, and Petitioner thereafter filed timely Objections to that R&R.

**II. Discussion**

  **A. Standards Applicable to the Present Petition for a Writ of Habeas Corpus**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may only grant a habeas petition to overturn a state court's decision if it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" 28 U.S.C. § 2254(d)(1); or it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).

The state court's factual findings are presumed to be correct, and it is the Petitioner's burden to rebut the state court's determinations by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This high measure of deference to the state court's factual findings "requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations" but rather, it must "conclude that the state court's findings lacked even 'fair[] support' in the record." Marshall v. Lonberger, 459 U.S. 422, 432 (1983).

  **B. Petitioner's Claims for Relief and Objections to the Report and Recommendation**

In ruling on objections to the Report and Recommendation of a United States Magistrate Judge, this Court reviews de novo only the findings of the R&R that Petitioner specifically objects to. 28 U.S.C. § 636(b)(1). See also Fed. R. Civ. P. # 72. Petitioner's objections to

Magistrate Judge Wells's R&R are that his pleas to the crimes of third degree murder and aggravated assault were neither knowing nor voluntary.

"A plea of guilty is constitutionally valid only to the extent that it is voluntary and intelligent." Brady v. United States, 397 U.S. 742, 748 (1970); see, e.g. Boykin v. Alabama, 395 U.S. 238, 242 (1969); McCarthy v. United States, 394 U.S. 459, 466 (1969). "A plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" Bousley v. United States, 523 U.S. 614, 618 (1998) (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). This requirement is necessary because a guilty plea constitutes a simultaneous waiver of three constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront his accusers. Boykin, 395 U.S. at 243. In addition, "a plea of guilty will not be found unknowing or involuntary in the absence of proof that [Petitioner] was not advised of, or did not understand, the direct consequences of his plea." Parry v. Rosemeyer, 64 F.3d 110, 114 (3d Cir. 1995) (citing Brady, 397 U.S. at 755). Because all the due process requirements of a knowing and voluntary guilty plea were complied with in this case, and for the reasons which follow, Petitioner's objections will be overruled.

### 1. *3rd Degree Murder Plea*

Petitioner's first claim for relief is that his guilty plea to third degree murder was neither knowing nor voluntary. The Petitioner offers two reasons in support of his claim that his plea of guilty to third degree murder was neither knowing nor voluntary. First, he argues that the prosecutor presented two distinct and conflicting versions of events as the factual basis for his plea. Second, he argues that his trial counsel stated that the evidence supported a lesser charge

than third degree murder.

### (a) Two Distinct and Conflicting Version of Events

Petitioner argues that the prosecutor presented facts showing that prior to shooting the victim, Petitioner had been holding a pistol to the head of another individual and that while Petitioner was doing so, the victim approached him and tapped him on the shoulder in an attempt to intervene and at that point, Petitioner turned and shot him in the head, killing him. Petitioner argues that the prosecutor also presented evidence that, as opposed to holding a gun to the head of another individual prior to turning and shooting the victim, Petitioner was actually holding the gun to the head of the victim.

As a preliminary matter, the Magistrate Judge carefully reviewed the record, including the guilty plea colloquy, and found that Petitioner's guilty plea was knowing and voluntary because it complied with the requirements of a voluntary and knowing plea as established by federal law. ("R&R" at 9). Petitioner had met with counsel numerous times prior to entering his guilty plea, and counsel provided Petitioner with copies of all relevant criminal statutes and potential defenses to those charges and discussed the potential defenses and justifications as well as claims of voluntary and involuntary manslaughter. Id. at 9. In addition, the Magistrate Judge found that Judge Brenner questioned Petitioner at length before accepting his plea to the charge of third degree murder. Id.

In response to the two conflicting version of events claim, the Magistrate Judge relied on the Superior Court's findings that the two different versions of the events did not mandate two different degrees of guilt to the charge of murder and therefore does not negate any element of third degree murder. (R&R at 9-10, n. 9). For the following reasons, the Magistrate Judge's

conclusions with respect to this objection will be affirmed.

The presentation by the prosecutor of two versions of the events in this case does not render Petitioner's guilty plea unknowing or involuntary. Under Pennsylvania law, third degree murder is defined as "all other kinds of murder" other than first degree murder or second degree murder. 18 Pa. Cons. Stat. § 2502(c). The elements of third degree murder, as developed by case law, are a killing done with legal malice. Commonwealth v. MacArthur, 629 A.2d 166, 167 (Pa. Super. Ct. 1993). In MacArthur, the Pennsylvania Superior Court defined malice::

> When an individual commits an act of gross recklessness for which he must reasonably anticipate that death to another is likely to result, he exhibits the wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind of social duty which proved that there was at that time in him 'the state or frame of mind termed malice.

Id. at 168 (quoting Commonwealth v. Malone, 47 A.2d 445, 447 (Pa. 1946) (internal quotations omitted)). The two different versions of events that were presented both support a finding of malice. Neither scenario, whether Petitioner held a gun to the head of the victim prior to shooting him, or held the gun to the head of a third person, prior to turning and shooting the victim in the head, negates any element of the charge of third degree murder. In both scenarios, Petitioner committed "an act of gross recklessness," when he shot a gun toward the head of another, an act for which he must reasonably have known death was likely to result. Therefore, both factual scenarios support a charge of third degree murder. In addition, during the plea colloquy with the Court, Petitioner agreed with the prosecutor's version of events that he held a gun to the head of another prior to turning and shooting the victim in the head. This Court agrees that the two versions of events presented do not negate any element of third degree murder and

therefore Petitioner could not have been found guilty of a lesser charge. Therefore, his argument that his guilty plea was neither knowing nor voluntary is without merit.

### (b) Trial Counsel Stated Evidence Supported A Lesser Charge

Petitioner also argues that his trial counsel advised him to plead guilty to third degree murder despite the fact that counsel had knowledge that the evidence supported a lesser charge and that this information was not revealed to, or discussed with, Petitioner until the sentencing hearing. Although neither the record nor Petitioner's objections specifically state what this evidence is, it can be inferred from Petitioner's objections that he is referring to his intoxication at the time of the shooting. (Objections at 2-3). As a result, Petitioner argues that his plea of guilty could not possibly have been knowing or voluntary.

In rejecting this claim, the Magistrate Judge found that no facts existed to support this claim. Specifically, the Magistrate Judge found that both the trial court and Superior Court held that this argument was without merit because, under Pennsylvania law, intoxication cannot negate any element of third degree murder because it is not a specific intent crime. (R&R at 9, n. 9). Therefore, the Magistrate Judge concluded that the guilty plea to the charge of third degree murder was both knowing and voluntary. For the following reasons, the Magistrate Judge's conclusions with respect to this objection will be affirmed.

There is nothing in the record to support Petitioner's contention that the evidence supported something less than third degree murder. Assuming that the evidence Petitioner is referring to is his intoxication at the time of the shooting, his argument is without merit. In Commonwealth v. Ruff, 405 A.2d 929 (Pa. 1979), the Pennsylvania Supreme Court reaffirmed that evidence of voluntary intoxication cannot be used to negate any element of third degree

murder. Id. at 499. Evidence of intoxication is only relevant where the legislature has designated a specific state of mind as a material element of the crime and, with respect to murder, only first and second degree murder are specific intent crimes. See Commonwealth v. Pitts, 404 A.2d 1305 (Pa. 1979) (finding that intoxication is not a defense to third degree murder). Therefore, the Magistrate Judge correctly concluded that even if the trial counsel possessed the knowledge that Petitioner was intoxicated, this evidence could not have been used to show Petitioner was guilty of a lesser charge. Therefore, trial counsel's knowledge of this fact and failure to discuss it further with his client does not render Petitioner's guilty plea unknowing or involuntary.

Upon an independent examination of the facts of this case in light of the applicable law, this Court agrees with the R&R and concludes that Petitioner's guilty plea to third degree murder was knowing and voluntary.

### 2. *Aggravated Assault Plea*

Petitioner's second claim for relief is that his *nolo contendere* plea to aggravated assault upon a police officer was not entered knowingly or voluntarily. Petitioner offers two reasons in support of his claim that his *nolo contendere* plea was neither knowing or voluntary. First, Petitioner argues that the Magistrate Judge incorrectly relied on events that occurred off the record in finding that his plea was knowing and voluntary. Petitioner argues that in order for a guilty plea to be knowing and voluntary it must be supported by an on the record explanation of the charge. Second, Petitioner argues that his *nolo contendere* plea was neither knowing nor voluntary because the factual basis on the record does not support a finding of aggravated assault.

### (a) Whether an Explanation of the Elements of the Charge was Conducted On the Record

In the Magistrate Judge's R&R, she rejects Petitioner's claim that his *nolo contendere* plea was neither knowing nor voluntary for several reasons. First, the Magistrate Judge found that the record showed that Judge Brenner had explained the aggravated assault charge to Petitioner during his guilty plea hearing. (R&R at 10). Second, the Petitioner admitted during his Post Conviction Review ("PCRA") hearing that he had been advised of each element of aggravated assault and that each element was explained to him prior to his plea. (R&R at 10-11). Third, the record indicates that trial counsel met with Petitioner ten to fifteen times before his plea. Id. at 11. Finally, Petitioner executed a written plea colloquy which revealed that Petitioner understood the nature of the charges to which he pled guilty. Id.

Petitioner objects to these findings on the ground that the Magistrate Judge incorrectly found that Petitioner had been advised of the elements because the advice was not given <u>on</u>, but <u>off</u> the record and prior to the plea colloquy. Petitioner argues that, for a guilty plea to be knowing and voluntary, defendant must be advised of the nature of the charges against him <u>on</u> the record. In support of this argument Petitioner relies on <u>Smith v. O'Grady</u>, 312 U.S. 329 (1941), which states, "Real notice of the true nature of the charge against him, [is] the first and foremost universally recognized requirement of due process." He argues that cases addressing this principle clearly show that the due process requirement of notice be conducted on the record. He cites, for example, <u>Commonwealth v. Sutton</u>, 379 A.2d 107, 108 (Pa. 1977), in which the court found that the guilty plea colloquy contained no on the record explanation of the elements of the underlying felony of robbery in violation of Rule 319(a) of the Pennsylvania Rules of

Criminal Procedure. Petitioner also cites Commonwealth v. Tabb, 383 A.2d 849, 851 (Pa. 1978), in which the Pennsylvania Supreme Court found that the Rule 319(a) requirement, that the charges against the defendant be explained on the record, was in place in order to ensure that Pennsylvania courts meet the due process requirement of notice.

Petitioner is correct that, in order for a guilty plea to be knowing and voluntary, he must be given notice of the charge against him. Smith, supra. Petitioner's argument, however, is meritless because there is an on the record colloquy showing that Petitioner was advised of and understood all of the elements of aggravated assault. Specifically, during the guilty plea hearing held on July 6, 1998, the judge himself explained to the Petitioner how one would commit the offense of aggravated assault:

> One would commit this offense [aggravated battery] if they would attempt by physical menace to put any officers, [namely a police officer] . . . while in the performance of duty, in fear of imminent serious bodily injury . . . And in the information in Count 2 it is alleged that by firing a handgun at Officer Ronald Murray, while in the performance of his duty, in an attempt to by physical menace to put him in fear of eminent serious bodily injury. That's count 2 [aggravated assault].

Commonwealth v. Pittman, No. 304 at 20-21 (Ct. Com. Pl. Leh. Cty. Jul. 6, 1998). It can also be found in the record that trial counsel met with Petitioner 10 to 15 times to discuss the case (N.T. PCRA Hearing, Feb. 27, 2001, at 36.) Lastly, Judge Brenner also conducted an extensive colloquy with Petitioner, in which the elements of the various crimes were explained to him. (N.T. PCRA Hearing, Feb. 27, 2001, at 44-46).

And as the Third Circuit said in Meyers v. Gillis, 93 F.3d 1147 (3d. Cir. 1996), "The Constitution's standard 'was and remains whether the plea represents a voluntary and intelligent

9

choice.'" (quoting <u>Higgason v. Clark</u>, 984 F.2d 203, 207-08 (7th Cir. 1993)).  In the instant case, Petitioner met with counsel 10 to 15 times regarding the plea, was represented by counsel throughout the proceedings, engaged in an oral colloquy with the court, executed a written colloquy, and Petitioner admitted to the court that the charges had been explained to him and that he understood all of them.  Thus, this Court's independent review reveals that Petitioner's objections regarding an on the record explanation of the aggravated assault charge is without merit.

### (b) Whether a Factual Basis Supports the Plea to Aggravated Assault

Petitioner further argues that his guilty plea was neither knowing nor voluntary because the facts of the crime do not support a finding of aggravated assault.  Petitioner argues that the factual basis does not support a conviction of aggravated assault of a police officer because aggravated assault is a specific intent crime.  And, because it is a specific intent crime, it must be proven that he knew that he was shooting at a police officer.  Petitioner argues that the factual basis on the record, which indicates that Petitioner did not know that he was shooting at a police officer because he merely fired his gun blindly over his shoulder, shows facts that do not support a conviction of aggravated assault of a police officer.  In addition, Petitioner argues that because it is a specific intent crime, the judge should have advised Petitioner in the colloquy that "knowing" is an element of the crime and because he did not, his guilty plea was neither knowing nor voluntary.  In support of his argument, Petitioner cites <u>Commonwealth v. Flemings</u>, 617 A.2d 749, 752 (Pa. Super. Ct. 1992), but fails to cite the Pennsylvania Supreme Court's reversal of the Superior Court's decision.

The Pennsylvania Supreme Court explicitly overruled the Superior Court and held that

10

knowing the victim is a police officer is not an element of aggravated assault. Commonwealth v. Flemings, 652 A.2d 1282, 1284 (1995). In coming to this conclusion, the Pennsylvania Supreme Court was guided by the United States Supreme Court decision in United States v. Feola, 420 U.S. 671 (1975), in which the United States Supreme Court analyzed a comparable federal statute. Ultimately, the Court in Feola concluded that knowledge that a victim is a federal officer is not an element of the crime of aggravated assault of a federal officer. Id. Therefore, it is immaterial whether the factual basis shows that Petitioner knew he was shooting at a police officer. The factual basis supports a finding that Petitioner shot at a police officer, while in the performance of duty, placing him in fear of imminent serious bodily injury. This is enough to support a finding of aggravated assault of a police officer.

Therefore, this Court agrees with the Magistrate Judge's findings, and, upon an independent examination of the facts of this case in light of the applicable law, this Court concludes that Petitioner's *nolo contendere* plea to aggravated assault was knowing and voluntary.

**III. Conclusion**

For the foregoing reasons, Petitioner's objections will be overruled, the Magistrate Judge's R&R will be approved and adopted, the petition for writ of habeas corpus will be denied and dismissed with prejudice, and, because Petitioner failed to make a substantial showing of the denial of any constitutional right, a certificate of appealability will not issue.

An appropriate order follows.

O:\CIVIL\02-2825 Pittman v. Kyler\R&R Order - Hoffman Draft Final.wpd

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GABRIEL I. PITTMAN, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| | : | No. 02-2825 |
| KENNETH D. KYLER, et al., | : | |
| Respondents. | : | |

**ORDER**

AND NOW, this       day of November, 2003, it is hereby ORDERED that:

1. Petitioner's objections to the Magistrate Judge's Report and Recommendation are overruled;

2. The Magistrate's Report and Recommendation is approved and adopted;

3. The Petition for Writ of Habeas Corpus is denied and dismissed with prejudice; and

4. Because Petitioner has failed to make a substantial showing of the denial of any constitutional right, a certificate of appealability will not issue.

**BY THE COURT:**

_____
**MICHAEL M. BAYLSON, U.S.D.J**