**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GABRIEL I. PITTMAN,         :<br>    Petitioner,              :<br>                              :<br>        v.                    :<br>                              :<br>KENNETH D. KYLER, *et al.*,   :<br>    Respondents.              : | CIVIL ACTION NO. 02-CV-2825 |

**MEMORANDUM**

**BAYLSON, J.**                                                                          September 9, 2020

*Pro se* Petitioner Gabriel I. Pittman, a prisoner in state custody serving a 26-59 year term following his guilty plea to third degree murder and his *nolo contendere* plea to aggravated assault, has filed a Motion for Expedited Relief from and Reopening/Altering of Judgments, pursuant to Fed. R. Civ. P. 60(b). (ECF No. 56.) Pittman seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. The District Attorney of Lehigh County has filed a Response to the Motion. (ECF No. 60.) Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

**I.      BACKGROUND**

Pittman filed this habeas case pursuant to 28 U.S.C. § 2254 on May 10, 2002 concerning a conviction in the Lehigh County Court of Common Pleas. On June 27, 2003, Magistrate Judge Carol Sandra Moore Wells issued a Report and Recommendation that the petition be denied on the merits without an evidentiary hearing under the standards provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d)(1) (providing that a federal habeas court may overturn a state court's resolution of the merits of a constitutional issue only if the state court's decision was "contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States."). (*See* ECF No. 17.)[1]  After Pittman filed objections, on November 26, 2003 his objections were overruled, the Report and Recommendation that the claims be dismissed on their merits was approved and adopted by the Court, and no certificate of appealability was granted.  (ECF No. 24.)  Pittman filed a notice of appeal, and the United States Court of Appeals for the Third Circuit also denied a certificate of appealability on July 19, 2004.  (ECF No. 28.)  Thereafter, on June 20, 2007, the Court of Appeals denied Pittman permission to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A).  (ECF No. 32.)

Pittman nonetheless filed a successive habeas petition in 2019 attacking the same Lehigh County conviction.  *See Pittman v. Pa. Dep't of Corr.*, Civ. A. No. 19-4945.  That petition, assigned to Chief Judge Sánchez, was ordered transferred to the Third Circuit so that Pittman could seek permission to file a second or successive habeas petition pursuant to 28 U.S.C. § 2254; the Third Circuit denied permission on January 28, 2020.  (*See id.* ECF No. 8.)  Because Pittman failed to receive permission from the Court of Appeals, Civ. A. No. 19-4945 was dismissed on March 3, 2020 by Chief Judge Sánchez for lack of jurisdiction.  (*Id.* ECF No. 9.)

On June 4, 2020, Pittman filed identical 78-page long Rule 60(b) Motions in this case and Civ. A. No. 19-4945.[2]  Pittman appears to argue that relief from judgment under Rule 60 is warranted due to:  (1) remarks made by President Trump that constitute newly discovered

---

[1] The procedural history, factual background of Pittman's conviction, and the substantive habeas claims he raised are fully set forth in the Report and Recommendation prepared by Magistrate Judge Wells.  Briefly, Pittman asserted that his guilty plea was not knowing and voluntary, his *nolo* plea was not knowing and voluntary, and his trial counsel was constitutionally ineffective.  Magistrate Judge Wells recommended that all of these claims were exhausted and should be dismissed on their merits.

[2] Chief Judge Sánchez denied the Motion on August 7, 2020 since Pittman previously had been denied permission to file a second or successive habeas petition.  (Civ. A. No. 19-4945, ECF No. 11.)

evidence and render AEDPA unconstitutional under the Fifth and Tenth Amendments (ECF No. 56 at 1-19)[3]; (2) newly discovered evidence about the novel corona virus and remarks by Governor Cuomo that make AEDPA's one year statute of limitations fraudulent and invalid (*id* at 20); (3) AEDPA's the second or successive rule is invalid, (*id.* at 20-38 (citing *Herrera v. Wyoming*, 139 S.Ct. 1686 (2019) and *Murphy v. NCAA*, 138 S.Ct. 1461 (2018))); and (4) AEDPA is no longer in effect (*id.* at 39-41). He also makes various arguments that counsel was constitutionally ineffective (*id.* at 41-78).

## II.   STANDARDS

### A.   Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

### B.   Second or Successive Habeas Petitions

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition. That is because the AEDPA mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[4] It explained that a Rule 60(b) motion must be construed as a "second or

---

[4] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

4

successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

**III.    DISCUSSION**

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Pittman's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition. The answer to this question is clear. None of Pittman's claims, as best as the Court can understand them, address the procedure by which the Court rejected his earlier habeas claims on their merits. While a substantial bulk of his Motion is devoted to attacking the validity of AEDPA – primarily based on official actions

5

related to the COVID-19 pandemic – to provide a reason why he may file his Motion, at bottom the Motion raises substantive habeas claims that counsel provided constitutionally ineffective representation.[5] Therefore, the Motion must be construed as an unauthorized second or successive habeas petition to the extent that in it he is challenging his judgment of sentence. Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider those claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

**BY THE COURT:**

s/ Michael M. Baylson
---
**MICHEAL M. BAYLSON, J.**

---

[5] To the extent Pittman asserts newly discovered evidence as a basis for Rule 60 relief, his claim must be rejected. Rule 60(b)(2) provides that a party may file a motion for relief from a final judgment based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." To be considered newly discovered evidence pursuant to Rule 60(b)(2), it must "(1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." *Compass Tech., Inc. v. Tseng Lab., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995). Pittman makes no attempt to demonstrate that his "newly discovered evidence" concerning official responses to the COVID-19 pandemic bears any relation to the outcome of his trial. Neither do his assertions impugn the procedure by which his habeas claims were adjudicated on their merits in 2003, some seventeen years before the pandemic began.