IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABRIEL I. PITTMAN,   :   <br>    Petitioner,   :   <br>                             : <br>       v.   :   <br>                             : <br>KENNETH D. KYLER, *et al.*,   :   <br>    Respondents.   : | CIVIL ACTION NO. 02-CV-2825 |

**MEMORANDUM**

BAYLSON, J.                                                                                                          OCTOBER   22, 2020

*Pro se* Petitioner Gabriel I. Pittman has filed a Motion for Relief Under Fed. R. Civ. P. 59(e) (ECF No. 63) seeking reconsideration of the Court's denial of his most recent Motion seeking relief pursuant to Fed. R. Civ. P. 60(b).  (*See* ECF No. 61 ("the September Decision").) Pittman, a prisoner in state custody serving a 26 to 59-year term following his guilty plea to third degree murder and his *nolo contendere* plea to aggravated assault, argues he is entitled to reconsideration because of newly discovered precedent.  For the following reasons, the Motion is denied.

**I.      BACKGROUND**

In the September Decision, the Court denied Pittman's most recent attempt to use Rule 60(b) to attack the November 26, 2003 judgment (*see* ECF No. 24) denying his § 2254 habeas petition.  As stated in the September Decision, "[n]one of Pittman's claims, as best as the Court can understand them, address the procedure by which the Court rejected his earlier habeas claims on their merits."  (September Decision at 5.)  While a substantial bulk of that Motion was devoted to attacking the validity of AEDPA – primarily based on official actions related to the COVID-19 pandemic – to provide a reason why Pittman could file his Motion, those argument were ancillary to the true claims he sought to assert, namely substantive habeas claims that his

trial counsel provided constitutionally ineffective representation.  (*Id.* at 5-6.)  Because Pittman attempted to raise substantive habeas claims, his Rule 60(b) motion was denied for lack of jurisdiction.  (*Id.*)

Pittman asserts in his Motion for Reconsideration that there is "'newly discovered precedent . . . which, if discovered previously, might have affected the court's decision' when classifying his Rule 60(b) motion as an unauthorized 'second or successive application. . . .'" (ECF No. 63 at 5.)  The "newly discovered precedent" he cites is *Banister v. Davis*, 140 S.Ct. 1698 (2020).  He argues in his 47-page Motion that the United States Supreme Court's holding – that a state prisoner's Rule 59(e) motion to alter or amend a habeas court's judgment did not constitute a successive habeas petition – means that his Rule 60(b) motion was incorrectly characterized as a second or successive habeas petition.

## II.     STANDARDS

A motion for reconsideration under Rule 59(e) should be granted only where the moving party shows that at least one of the following grounds is present:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

## III.    DISCUSSION

Pittman has failed to meet the standard for reconsideration under Rule 59(e).  First, the Supreme Court's decision in *Banister* does not change the controlling law, set forth in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), that a Rule 60(b) motion that attempts to raise a substantive

habeas claim constitutes a second or successive habeas petition over which this Court lacks jurisdiction. In *Banister*, the Supreme Court held that "Rule 59(e) motions are not second or successive petitions, but instead a part of a prisoner's first habeas proceeding." 140 S. Ct. at 1708. *Banister* did not change the controlling law that a Rule 60(b) motion seeking to raise substantive habeas claims must be treated as a second or successive habeas petition. The Supreme Court was quite clear on this point stating "Rule 60(b) differs from Rule 59(e) in just about every way that matters to the inquiry here." *Id.* at 1709. The Court stated that, while "Rule 59(e) derives from a common-law court's plenary power to revise its judgment during a single term of court, before anyone could appeal . . . [b]y contrast, Rule 60(b) codifies various writs used to seek relief from a judgment at any time after the term's expiration — even after an appeal had (long since) concluded." *Id.* Accordingly, the Supreme Court rejected an argument that its holding in *Gonzalez* – cited in the September Decision as the basis for denying Pittman's Rule 60(b) Motion as a second or successive habeas petition – controlled whether a Rule 59(e) motion raising repetitive claims was barred while noting that "decisions abound dismissing Rule 60(b) motions for that reason." *Id.* The Court's decision to not extend the holding of *Gonzalez* to Rule 59(e) motions cannot be read as a repudiation of the holding regarding Rule 60(b) motions. Because *Bannister* did not change the controlling law for Rule 60(b) motions, no relief under Rule 59(e) is due based on a change in controlling law.

Second, as this Court previously noted, Pittman asserted in his Rule 60(b) motion that he sought to present newly discovered evidence, but he made no attempt to demonstrate that his newly discovered evidence concerning official responses to the COVID-19 pandemic bore any relation to the outcome of his trial or impugned the procedure by which his habeas claims were adjudicated on their merits in 2003, long before the pandemic began. (September Decision at 6

n.5.)  His Rule 59(e) Motion also fails to assert any relevant newly discovered evidence and Pittman has failed to meet this part of the standard for granting relief as well.  Finally, Pittman has not demonstrated a clear error of law or fact or manifest injustice in the resolution of his Rule 60(b) motion.

Accordingly, an appropriate Order dismissing the Rule 59(e) Motion follows.

**BY THE COURT:**

**s/ Michael M. Baylson**
_____
**MICHAEL M. BAYLSON, J.**